# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VICTOR WESTBROOK and <br> WHITNEY COLES, <br>     Plaintiffs, <br><br> v. <br><br> THRIVE RESTAURANT GROUP, <br> LLC and THRIVE TOGETHER, LLC, <br>     Defendants. | Civil Action No. 3:23-cv-00771 <br> Judge Campbell / Frensley <br> Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

**A.**    **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**B.**    **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFFS:** Plaintiffs sue for discrimination, retaliation, and hostile work environment based on race and retaliation in violation of both the Tennessee Human Rights Act (the "THRA") and 42 U.S.C. § 1981, as well as for negligent and intentional infliction of emotional distress and negligent supervision. Defendants operate an Applebee's franchise in Nashville, Davidson County, Tennessee. On July 29, 2022, Defendants hired Plaintiff, Victor Westbrook, a Black male, as the General Manager. On December 2, 2022, Defendants hired Plaintiff Whitney Coles to be the Restaurant Hospitality Manager at the same Applebee's.

Defendants subjected Plaintiff Westbrook to a racially hostile and discriminatory work environment where he was belittled and humiliated in front of co-workers and customers. Both Plaintiffs complained of this racially hostile treatment. Further, both Plaintiffs also engaged in protected activity when they recommended that Defendants take appropriate remedial action after

an employee was caught on videotape sexually harassing another employee, including recommending termination of the harasser. Defendants refused to even discipline the sexual harasser and the victim resigned. Defendants then subjected Plaintiffs to retaliation and a retaliatory hostile work environment. Management looked for reasons to discipline both Plaintiffs, then wrongfully counseled and disciplined them.

This treatment culminated in a white female manager making false, serious, and potentially life-altering accusations against Mr. Westbrook, telling Mr. Westbrook that: (a) she was told Mr. Westbrook gave a fellow employee a "date rape" drug; (b) she was told Mr. Westbrook raped someone in the restaurant; and (c) she was forced to watch a video of Mr. Westbrook engaged in a sexual act with another employee.

Mr. Westbrook reported the white female manager's false and racially charged allegations to Defendants and told Defendants he had an audio recording of the manager making the allegations. In violation of their own policy, Defendants did not separate the white female manager who made the false allegations from Mr. Westbrook. Furthermore, Defendants did not conduct a reasonable investigation into the manager's false allegations against Mr. Westbrook; without even bothering to listen to the audio recording of the incident, Defendants simply told Mr. Westbrook the white female manager denied making the false allegations and indicated the matter was concluded. It is believed Defendants still employ the white female manager who made these false allegations. These false allegations quickly spread among employees and customers with the media even contacting Mr. Westbrook about the alleged rape. Mr. Westbrook became increasingly terrified about his physical safety.

On April 24, 2023, Plaintiffs were ultimately constructively discharged.

**DEFENDANT:** Plaintiffs were employed in managerial positions at one of Defendant's

Applebee's restaurants. Plaintiff Westbrook was a general manager and Plaintiff Coles was a subordinate manager reporting to Westbrook. Each Plaintiff exhibited deficient performance at various points in their employment and Defendants managed that performance in a manner consistent with how the performance of other managerial employees was managed. Defendants deny that they created or permitted a racially hostile work environment or otherwise engaged in race discrimination towards Plaintiff Westbrook, and further deny that race or Plaintiffs' internal complaints of discrimination influenced any decisions regarding either Plaintiff's employment.

Defendants acknowledge that Plaintiff Westbrook raised concerns about comments made by another manager but deny that that those concerns were not properly investigated and addressed. Defendants further deny that the manner in which Plaintiff Westbrook's complaint was handled was intended to force him to quit his employment, or that the circumstances surrounding that complaint would have compelled a reasonable person to terminate their employment (*i.e.* Defendants deny that either Plaintiff's voluntary termination was actually a constructive discharge). Defendants further deny that they engaged in any tortious conduct towards either Plaintiff.

   C.  **ISSUES RESOLVED:** Jurisdiction and venue.

   D.  **ISSUES STILL IN DISPUTE:** Damages and liability.

   E.  **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **January 8, 2024.**

   F.  **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. By no later than **February 29, 2024**, the parties will jointly confer to discuss a resolution of the case. If that conference does not lead to a case resolution, then by no later than

**March 8, 2024**, Plaintiff will make a demand to Defendant. Defendant will respond to the demand **by March 22, 2024**. If the parties' first settlement discussions are not successful, then by no later than **April 15, 2024**, the parties shall again jointly discuss a resolution of this case and will schedule a mediation to occur on or before **July 26, 2024**. By **August 30, 2024**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

      **G.**      **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **August 16, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and the first set shall be served by no later than **February 16, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

      No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions. All discovery disputes shall be brought to the Court's attention no later than **August 9, 2024**. In connection with any discovery conference or discovery motion, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute

and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **April 26, 2024**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 27, 2024.** The defendant shall identify and disclose all expert witnesses and reports on or before **June 24, 2024.** Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **August 16, 2024.**

J. **TELEPHONE STATUS CONFERENCE.** A status conference shall be held

telephonically on **July 22, 2024, at 8:30 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

      **K.**     **DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case before the filing of dispositive motions. Dispositive motions shall be filed by no later than **September 20, 2024.** Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

      Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

      **L.**     **ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174-1 therefore need not apply to this case. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply. Any agreement between the parties to address the topics provided by Administrative

Order No. 174-1 must be reduced to writing, signed by counsel, and, within fourteen days of the initial case management conference, either: (1) be filed as a stipulation of agreed-upon electronic discovery procedures; or, (2) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

**M. MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS.** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the

documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The JURY trial of this action is expected to last approximately five days. A trial date no earlier than **March 5, 2025** is respectfully requested.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**